# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0473, <u>George Sideris v. Autofair Ford</u>, the court on April 10, 2023, issued the following order:**

The request in the brief of the plaintiff, George Sideris, that we obtain "all of the evidence" in this matter, including his "witnesses' statements, documents, and actual video and audio recordings of the hearing and interview of [him]" is denied. (Capitalization omitted.) The request in the brief of the defendant, Autofair Ford Limited Partnership of New Hampshire, to strike the plaintiff's brief and dismiss the appeal is also denied. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See <u>Sup. Ct. R.</u> 20(2). The plaintiff appeals an order of the Superior Court (<u>Kissinger</u>, J.) upholding the determination by the New Hampshire Commission for Human Rights (the Commission) that there was no probable cause to find that the defendant regarded the plaintiff as having an impairment that was substantially limiting or to find that his termination from employment was retaliatory. See RSA 354-A:21, II(a) (2022). We affirm.

Under RSA 354-A:21, II(a), after a complaint alleging unlawful discrimination is filed, one of the commissioners is designated to investigate the complaint promptly. <u>Id</u>. "When," as in this case, "the investigating commissioner finds no probable cause to credit the allegations in the complaint, the complaint shall be dismissed, subject to a right of appeal to superior court." <u>Id</u>. "To prevail on appeal, the moving party," here, the plaintiff, had to "establish by a clear preponderance of the evidence" that the Commission's decision was "unlawful or unreasonable." <u>Id</u>. By statute, the superior court must uphold the factual findings of the investigating commissioner "as long as the record contains credible evidence to support them." <u>Id</u>.

In this case, based upon its review of the certified record, the superior court found "scant evidence" to suggest that the defendant perceived the plaintiff to have a disability. The court, therefore, upheld the investigating commissioner's determination that there was no probable cause to find that the defendant regarded the plaintiff as disabled.

The court, likewise, found "no evidence" in the certified record that the plaintiff had "voiced concerns to anyone" at his job "that he was being discriminated against because of a perceived disability of any kind" or that he was terminated because he had voiced concerns about his supervisor's

comments. The court, therefore, upheld the investigating commissioner's determination that there was no probable cause to find that the defendant retaliated against the plaintiff. Based upon our review of the written arguments, the relevant law, the record on appeal, and the trial court's thorough and well-reasoned decision, we find the plaintiff's arguments unpersuasive, and we affirm the trial court's decision.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**